IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| ALLEN J. HARRIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 326-019 |
| | ) | |
| WARDEN SHAWN GILLIS and KYLIE | ) | |
| KINNETT, | ) | |
| | ) | |
| Defendants. | ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Plaintiff, currently incarcerated at Wheeler Correctional Facility in Alamo, Georgia, filed this case pursuant to 42 U.S.C. § 1983.  He is proceeding *pro se* and *in forma pauperis* ("IFP").  Because he is proceeding IFP, Plaintiff's complaint must be screened to protect potential defendants.  Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984) (*per curiam*); Al-Amin v. Donald, 165 F. App'x 733, 736 (11th Cir. 2006) (*per curiam*).

I.      **SCREENING THE COMPLAINT**

A.      **BACKGROUND**

Plaintiff's complaint names as Defendants:  (1) Warden Shawn Gillis and (2) Kylie Kinnett. (Doc. no. 1, pp. 1, 2.)  Taking all of Plaintiff's allegations as true, as the Court must for purposes of the present screening, the facts are as follows.

In October 2025, Plaintiff sent Defendant Kinnett evidence and exhibits for his habeas corpus case, but she failed to return them to Plaintiff.  (Id. at 4, 5.)  Defendant Gillis did not

punish Defendant Kinnett for losing the copies.  (Id. at 4.)   For relief, Plaintiff seeks $800,000 in punitive damages.  (Id. at 5.)

### B.       DISCUSSION

#### 1.       Legal Standard for Screening

The complaint or any portion thereof may be dismissed if it is frivolous, malicious, or fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune to such relief.  See 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).  A claim is frivolous if it "lacks an arguable basis either in law or in fact."  Neitzke v. Williams, 490 U.S. 319, 325 (1989).  "Failure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6)."  Wilkerson v. H & S, Inc., 366 F. App'x 49, 51 (11th Cir. 2010) (per curiam) (citing Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997)).

To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations in the amended complaint must "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555.  While Rule 8(a) of the Federal Rules of Civil Procedure does not require detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  Iqbal, 556 U.S. at 678.  A complaint is insufficient if it "offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" or if it "tenders 'naked assertions' devoid of 'further factual enhancement.'"  Id. (quoting Twombly, 550

U.S. at 555, 557).  In short, the amended complaint must provide a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'"  Twombly, 550 U.S. at 557 (quoting Fed. R. Civ. P. 8(a)(2)).

Finally, the Court affords a liberal construction to a *pro se* litigant's pleadings, holding them to a more lenient standard than those drafted by an attorney.  Erickson v. Pardus, 551 U.S. 89, 94 (2007) (*per curiam*); Haines v. Kerner, 404 U.S. 519, 520 (1972) (*per curiam*).  However, this liberal construction does not mean that the Court has a duty to re-write the amended complaint. Snow v. DirecTV, Inc., 450 F.3d 1314, 1320 (11th Cir. 2006).

### 2.    Plaintiff Fails to State a Denial of Access to the Courts Claim

To state a viable denial of access to the courts claim, a plaintiff must allege actual injury to existing or contemplated litigation or nonfrivolous (and therefore viable) claims challenging Plaintiff's sentence or conditions of confinement.  Wilson v. Blankenship, 163 F.3d 1284, 1290 (11th Cir. 1998); see also Lewis v. Casey, 518 U.S. 343, 349-55 (1996).  There must be evidence of deterrence of a nonfrivolous claim "such as a denial or dismissal of a direct appeal, habeas petition, or civil rights case that results from actions of prison officials."  Wilson, 163 F.3d at 1290-91.  Stated otherwise, there must be an allegation that the actions of a defendant acting under the color of state law "hindered . . . 'efforts to proceed with a legal claim in a criminal appeal, postconviction matter, or civil rights action seeking to vindicate basic constitutional rights.'"  Id. at 1291 (citation omitted).

To show actual injury, a plaintiff must show he had a legitimate claim he was unable to pursue because of actions by prison officials.  Al-Amin v. Smith, 511 F.3d 1317, 1332-33 (11th Cir. 2008), *abrogated in part on other grounds by* Pearson v. Callahan, 555 U.S. 223 (2009).  "[T]he very point of recognizing any access claim is to provide some effective

3

vindication for a separate and distinct right to seek judicial relief for some wrong." Christopher v. Harbury, 536 U.S. 403, 414-15 (2002).  Therefore, the complaint must contain allegations sufficient to give fair notice of what was allegedly lost and show "that the 'arguable' nature of the underlying claim is more than hope." Id. at 416.

Here, Plaintiff fails to provide *any* detail about actual injury to existing or contemplated litigation or nonfrivolous (and therefore viable) claims.  Although Plaintiff alleges Defendant Kinnett's actions "interfere[ed]" with his habeas corpus proceedings, he does not provide any factual detail to support this conclusory claim.  (Id. at 4.)  He does not describe the way(s) in which the lost evidence and exhibits negatively impacted his habeas corpus case, much less does he specify the content of the lost copies.  Nor does he allege he had any legitimate legal claims.  Without more, the Court cannot conclude Plaintiff suffered any actual injury.  Therefore, because he does not allege he suffered an actual injury, Plaintiff fails to state a claim for denial of access to the courts.

Moreover, to the extent Plaintiff names Defendant Gillis by virtue of his supervisory position as Warden at Wheeler Correctional Facility, Plaintiff fails to state a claim.  "Supervisory officials are not liable under § 1983 for the unconstitutional acts of their subordinates on the basis of *respondeat superior* or vicarious liability." Hartley v. Parnell, 193 F.3d 1263, 1269 (11th Cir. 1999) (internal quotation marks and citation omitted); see also Rosa v. Florida Dep't of Corr., 522 F. App'x 710, 714 (11th Cir. 2013) (*per curiam*).  Likewise, supervisors and employers cannot be sued under § 1983 simply on a theory of *respondeat superior*.  See Kruger v. Jenne, 164 F. Supp.2d 1330, 1333-34 (S.D. Fla. 2000) (citing Powell v. Shopco Laurel, Co., 678 F.2d 504 (4th Cir. 1982)) (explaining that employer which provided medical care for state inmates could not be sued under § 1983 on *respondeat superior* theory).

4

"Because vicarious liability is inapplicable to § 1983 actions, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." Rosa, 522 F. App'x at 714 (quoting Iqbal, 556 U.S. at 676) (internal quotations omitted). Therefore, to hold Defendant Gillis liable, Plaintiff must demonstrate that he (1) actually participated in the alleged constitutional violation, or (2) there is a causal connection between the individual's actions and the alleged constitutional violation. See Hartley, 193 F.3d at 1269 (citing Brown v. Crawford, 906 F.2d 667, 671 (11th Cir. 1990)). Here, Plaintiff merely alleges Defendant Gillis is the Warden, and he failed to punish Defendant Kinnett for losing Plaintiff's copies. (See generally doc. no. 1.) However, he does not allege Defendant Gillis participated in any alleged violations. Therefore, Plaintiff must allege a causal connection between Defendant Gillis and the asserted constitutional violations in order to hold this defendant liable. See Zatler v. Wainwright, 802 F.2d 397, 401 (11th Cir. 1986) (requiring an affirmative causal connection between a defendant and an alleged constitutional violation).

The "causal connection" can be established "when a history of widespread abuse puts the responsible supervisor on notice of the need to correct the alleged deprivation, and he fails to do so," Brown, 906 F.2d at 671, or when "the supervisor's improper 'custom or policy . . . result[s] in deliberate indifference to constitutional rights.'" Hartley, 193 F.3d at 1269 (quoting Rivas v. Freeman, 940 F.2d 1491, 1495 (11th Cir. 1991)). The standard for demonstrating "widespread abuse" is high. In the Eleventh Circuit, "deprivations that constitute widespread abuse sufficient to notify the supervising official must be *obvious, flagrant, rampant and of continued duration*, rather than isolated occurrences." Brown, 906 F.2d at 671 (emphasis added). A causal connection may also be shown when the facts support

5

"an inference that the supervisor [or employer] directed the subordinates to act unlawfully or knew that the subordinates would act unlawfully and failed to stop them from doing so." Cottone v. Jenne, 326 F.3d 1352, 1360 (11th Cir. 2003).

Plaintiff's allegations do not provide the causal connection to hold Defendant Gillis liable.  Plaintiff has not alleged (1) a history of widespread abuse regarding improper treatment of inmates at Wheeler Correctional Facility, (2) an improper custom or policy put in place by Defendant Gillis regarding treatment of inmates, or (3) an inference Defendant Gillis directed prison employees to act, or knew they would act, unlawfully.  Indeed, as already explained above, Plaintiff only alleges Defendant Gillis did not punish Defendant Kinnett.  In sum, Plaintiff has not shown Defendant Gillis actually participated in the alleged constitutional violation; nor has he drawn the necessary causal connection to any alleged constitutional violation.  Therefore, Plaintiff fails to state a claim upon which relief may be granted against Defendant Gillis.

For the above reasons, Plaintiff fails to state a claim against Defendants Gillis and Kinnett for denial of access to the courts.

### 3. Plaintiff Fails to State a Claim Based on Violations of a Federal Criminal Statute

Plaintiff's allegation that Defendant Kinnett violated a federal criminal statute for "tampering with mail" also does not state a claim.  First, he does not identify the criminal statute he purports Defendant Kinnett violated. (See generally doc. no. 1.)  Even ignoring this omission, Plaintiff cannot bring a civil cause of action for a violation of a federal criminal statute like the one he references because he fails to establish this criminal statute creates any civil liability.  See Shockley v. Hard Rock Hotel & Casino, No. 8:24-CV-2085, 2024 WL 4416822, at *2 (M.D. Fla. Oct. 4, 2024) ("[Plaintiff] cannot sue any of the defendants for

6

violating federal criminal statutes because . . . these statutes do not provide a private right of action for damages." (internal quotations and citations omitted)); <u>Love v. Delta Air Lines</u>, 310 F.3d 1347, 1352-53 (11th Cir. 2002) (stating "[c]riminal statutes generally do not provide a private cause of action").

Moreover, as a private citizen, he may not force a criminal prosecution against another. <u>See</u> <u>Leeke v. Timmerman</u>, 454 U.S. 83, 86-87 (1981) ("a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another"); <u>Otero v. United States Att'y Gen.</u>, 832 F.2d 141, 141 (11th Cir. 1987) (same) (quoting <u>Linda R. S. v. Richard D.</u>, 410 U.S. 614, 619 (1973)).  Indeed, the decision whether to ultimately prosecute a criminal case is a matter entirely in the local prosecutor's discretion.  <u>See, e.g.</u>, <u>Bordenkircher v. Hayes</u>, 434 U.S. 357, 364 (1978) ("In our system ... the decision whether or not to prosecute, and what charge to file or bring before a grand jury, generally rests entirely in [the prosecutor's] discretion.").  For these reasons, he fails to state a claim based on the violation of this federal criminal statute.

## II.   CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** Plaintiff's complaint be **DISMISSED** for failure to state a claim upon which relief may be granted and that this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 28th day of April, 2026, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

7